UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

MARILYN RUSSELL-JOHNSON, *et al.*,  :
                                    :
            Plaintiffs,              :
                                    :
v.                                   :   Case No: 1:09-CV-69
                                    :
THERON J. JOHNSON,                   :
                                    :
            Defendant.               :

# REPORT AND RECOMMENDATION

Before the Court is the application to Proceed *In Forma Pauperis* ("IFP Application") filed by Plaintiff Marilyn Russell-Johnson on behalf of herself and also purportedly on behalf of her minor children. This matter comes before the undersigned pursuant to 28 U.S.C. § 636(b), 28 U.S.C. § 1915, and the rules of this Court for consideration of the IFP Application.

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. W.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The statute therefore allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit upon appropriate application to proceed without payment. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). A court's review of such an application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement which must be met in order to proceed without payment is that the petitioner show, by affidavit, that he or she is unable to pay court fees and costs. 28 U.S.C. § 1915(a). The decision to grant or deny such an application lies within the second discretion of the court. *Phipps v. King*, 866 F.2d 824, 825 (6th

Cir. 1988).

First, Plaintiffs' IFP Application has been considered in making the decision of whether to grant leave to proceed *in forma pauperis*. Having considered the IFP Application, it is **ORDERED** the Application is **GRANTED** and the Clerk is **DIRECTED** to file the complaint without prepayment of costs or fees.[1] *See Gibson*, 915 F.2d at 262-63 (6th Cir. 1990). However, for the reasons set forth herein, the Clerk **shall not** issue process at this time.

Second, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), a district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted. *See also Neitzke*, 490 U.S. at 324. In this action, while ostensibly naming an individual defendant, Plaintiffs' complaint seeks federal court review of a decision of the Hamilton County Juvenile Court ("Juvenile Court") concerning the custody of the minor children and a stay of the proceedings in the Juvenile Court. While federal district courts have broad subject matter jurisdiction, *Johnson v. Ohio Supreme Court*, 156 F. App'x 779, 781 (6th Cir. 2005) (citing *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005)), the jurisdiction is "strictly original" and, except for the power to issue writs of *habeas corpus*, district courts lack jurisdiction to review decisions issued by state courts. *Id.* (quoting *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)).

The *Rooker-Feldman* doctrine ensures that federal district courts exercise only their original jurisdiction by divesting federal district courts of subject matter jurisdiction over actions in which they would be called upon to review state court judgments. *Id.* (citing *Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983); *Rooker*, 263 U.S. at 413). The *Rooker-Feldman* doctrine also

---

[1] In a previous action filed by Plaintiffs, this Court granted an application to proceed *in forma pauperis*. *See Russell-Johnson v. City of Chattanooga*, No. 1:08-cv-183.

deprives district courts of subject matter "jurisdiction over federal claims that are 'inextricably intertwined' with state court judgments." *Id.* (quoting *Feldman*, 460 U.S. at 486-87). The *Rooker-Feldman* "doctrine 'is confined to cases of the kind from which [it] acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Id.* at 782 (quoting *Exxon Mobil*, 544 U.S. 280, 284). Thus, pursuant to the *Rooker-Feldman* doctrine:

> federal district courts lack jurisdiction over two types of cases originating in state court: (1) cases where appellate remedies have been exhausted in state court and issues raised and decided in the state courts are presented to the federal district courts for reconsideration; and (2) cases where the federal claims asserted turn so directly on state court judgments that the federal district courts must review the state court judgments to resolve the federal claims.

*Id.*

A review of Plaintiffs' complaint, *i.e.*, the Emergency Petition for Appeal attached to the Application, makes it clear Plaintiffs are seeking to have this Court review and reverse actions taken by the Juvenile Court, instruct the Juvenile Court to dismiss the four actions now pending in the Juvenile Court, which relate to the four minor children, and declare "null and void" any order of the Juvenile Court. Thus, under the *Rooker-Feldman* doctrine, this Court lacks subject matter jurisdiction over the claims asserted by Plaintiffs in this action.

Accordingly, I **RECOMMEND** that this action be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted **WITHOUT**

3

**PREJUDICE** to Plaintiffs' right to refile the claims in an appropriate court.[2]

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).